UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 22-6835 JFW (PVC)                                  Date:  October 27, 2022

Title      Jermaine Daniel Robinson v. Atascadero State Hospital

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**  [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION

Petitioner, a civilly committed detainee at Atascadero State Hospital proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2254 in the Eastern District of California.[1]  ("Petition," Dkt. No. 1).  The Petition was subsequently transferred to the Central District.  Petitioner challenges an alleged rule at Atascadero State Hospital that prevents him from having religious beads and oils and a prayer rug.  (*Id.* at 3).  According to Petitioner, the rule violates his First Amendment right to religious freedom.  (*Id.*).

---

[1] Although Petitioner used the form intended for filing a habeas petition in a California state court, the Court construes the Petition as a federal habeas petition under § 2254.  The Court notes that although the date in the signature block of the Petition is October 2, 2022, the Petition was stamped received by the Eastern District on September 9, 2022.  (*See* Petition at 1, 6).  The exact filing date of the Petition is immaterial to the issues in this Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6835 JFW (PVC)                                   Date:  October 27, 2022

Title   Jermaine Daniel Robinson v. Atascadero State Hospital

For the reasons stated below, Petitioner is **ORDERED TO SHOW CAUSE**, within **twenty-one days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction.

**A.  Petitioner Does Not Appear To Challenge The Legality Of His Custody**

Section 2254 authorizes the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Here, Petitioner has not stated a claim that he is in custody in violation of the constitution, laws, or treaties of the United States.  Therefore, it appears the jurisdictional requirements of § 2254 have not been met.

The Petition appears to concern the conditions at Atascadero State Hospital with respect to a rule prohibiting religious beads and oils and a prayer rug.  (Petition at 2-3).  If Petitioner seeks to challenge the conditions of his confinement at Atascadero State Hospital, he should file a civil rights complaint under 42 U.S.C. § 1983, not a habeas corpus petition under 28 U.S.C. § 2254.  *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of . . . confinement . . . fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance.") (citation omitted); *see also Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (explaining that "prisoners may not challenge mere conditions of confinement in habeas corpus").  To state a claim under § 1983, Petitioner must plead that defendant(s), while acting under color of state law, deprived him of a right created by federal law.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  Petitioner must name as defendant(s) each person who caused a violation of his constitutional rights and explain what each person did to cause the violation.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state agency, such as a state hospital, is not a "person" that can be sued under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Silverman*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6835 JFW (PVC)                                   Date:  October 27, 2022

Title        Jermaine Daniel Robinson v. Atascadero State Hospital

*v. Napa State Hospital*, 2019 WL 4674404, at *1 (N.D. Cal. Sept. 23, 2019) (dismissing § 1983 suit against Napa State Hospital for failure to name a proper defendant).[2]

When an action is improperly brought as a habeas petition and it names the correct defendants and seeks the correct relief, district courts "may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." *Nettles*, 830 F.3d at 936.  Here, the Petition is not "amenable to conversion on its face" because of Petitioner's failure to name the proper defendant(s) and specify the relief sought.  *Id.*

**B.  Order to Show Cause**

Accordingly, Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction.  After the Court receives a response to the OSC, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience**.  However, Petitioner is cautioned that any dismissed claims may be deemed untimely if Petitioner seeks to assert them in a subsequent petition.

**Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  *See* Fed. R. Civ. P. 41(b).**

---

[2] If Petitioner elects to bring a § 1983 action, he must submit it with the filing fee or a properly supported *in forma pauperis* ("IFP") request.  *See* 28 U.S.C. § 1915(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6835 JFW (PVC)                                         Date:  October 27, 2022

Title       Jermaine Daniel Robinson v. Atascadero State Hospital

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br>v.<br><br>Defendant(s). | CASE NUMBER<br><br><br>**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____  _____
*Date*  *Signature of Attorney/Party*

*NOTE:* **F.R.Civ.P. 41(a):** *This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

**F.R.Civ.P. 41(c):** *Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

CV-09 (03/10)   **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)**